IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RANDY E. PATTERSON,**

    **Petitioner,**

vs.                                                                       No. CIV 02-1633 MV/LCS

**JOE WILLIAMS, Warden,**

    **Respondent.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. 15), filed February 10, 2003. Petitioner filed a response and memorandum in opposition to the motion to dismiss on February 18, 2003. The United States Magistrate Judge, having considered the Motion, memoranda, response, record, and applicable law, finds that the motion to dismiss is well-taken and recommends that it be **GRANTED**.

**PROPOSED FINDINGS**

1.    Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment, Partially Suspended Sentence and Commitment of the Second Judicial District Court for the County of Bernalillo, State of New Mexico, dated May 11, 1995. After he pleaded guilty to attempt to commit criminal sexual penetration of a minor in the first degree (two counts), child abuse, and bribery of a witness, Petitioner was sentenced to twenty-two and a half years incarceration, with four years suspended, to be followed by four years of intensive supervised probation and two years of parole. (Answer, Ex. A.)

2.    Petitioner filed a Motion to Reconsider Sentence on May 4, 1995. (Answer, Ex. E.)

The state district court denied this Motion on July 31, 1995. (Answer, Ex. F.) Petitioner did not file a direct appeal.

    3.    On April 21, 1997, Petitioner filed a state Petition for a Writ of Habeas Corpus. (Answer, Ex. G.) On April 22, 1997, the state district court denied this Petition. (Answer, Ex. H.) Petitioner did not file a Petition for a Writ of Certiorari with the New Mexico Supreme Court. On July 23, 2002, Petitioner filed a second state Petition for a Writ of Habeas Corpus. (Answer, Ex. I.) On July 25, 2002, the state district court denied the second state Petition. (Answer, Ex. J.) On August 22, 2002, Petitioner filed a Petition for a Writ of Certiorari with the New Mexico Supreme Court. (Answer, Ex. J.) On September 4, 2002, the New Mexico Supreme Court denied Plaintiff's certiorari petition. (Answer, Ex. L.)

    4.    Petitioner signed his federal Petition for a Writ of Habeas Corpus on December 20, 2002, and it was filed with the Clerk of this Court on December 26, 2002. Respondent answered and moved to dismiss on February 10, 2003, asserting that the Petition is barred by the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ( AEDPA). *See* 28 U.S.C. § 2244(d)(1). Petitioner argues that he is entitled to application of equitable tolling.

    5.    AEDPA established a one-year time limitation for filing federal habeas petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). Where a conviction became final on or before April 24, 1996, the effective date of AEDPA, the Tenth Circuit allowed a one-year grace period for filing federal habeas petitions. *United States v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir. 1997). This grace period expired on April 24, 1997. *Id.* Petitioner's conviction became final in 1995. Petitioner signed the instant

2

Petition on December 20, 2002, over five years after the expiration of the limitation period. Therefore, the Petition is untimely.

6.      AEDPA provides for tolling of the one-year period while post-conviction or collateral review is pending. *See* 28 U.S.C. §2244(d)(2). Petitioner filed an application for post-conviction relief on April 21, 1997, which was denied th next day. The April 21, 1997 application tolled the limitations period for two days. Although Petitioner filed a second application for post-conviction relief in 2002, the second application did not serve to toll the one-year period because it had already expired. Thus, the tolling provision of §2244(d)(2) does not help Petitioner.

7.      The true question is whether Petitioner is entitled to application of the doctrine of equitable tolling. The one-year statute of limitations may be equitably tolled only when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is appropriate only in rare and exceptional circumstances. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner bears the burden of demonstrating that equitable tolling should apply. *See Miller v. Marr*, 141 F. 3d 976, 978 (10th Cir. 1998).

8.      Petitioner asserts the limitations period should be equitably tolled because he has been on psychiatric medications throughout his incarceration, the state denied his motion for court records, and the state denied him access to a law library. In *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir.1996), the Tenth Circuit described the various standards that have been applied in determining whether to equitably toll a statute of limitations based on a claim of mental incapacity. *Id*. The Tenth Circuit stated that if it were to recognize such a rule, tolling would be allowed only under "exceptional circumstances," such as an adjudication of incompetency, institutionalization based

on the alleged mental incapacity, or incapacitation to the degree that the litigant is unable to pursue his suit. *Id*.  Petitioner does not specify the nature of his mental illness, the degree of incapacity, or the length of time he has suffered from this condition. Without such information, petitioner cannot prove that he lacked the mental capacity to pursue his legal rights during the relevant time period. Petitioner fails to explain why he needed access to court records to file a federal habeas petition.  The lack of access to the law library argument has been rejected by the Tenth Circuit. *Miller*, 141 F.3d at 978.  In sum, Petitioner's proffered reasons do not demonstrate that equitable tolling should be applied.

9.     Petitioner fails to specifically explain how his alleged difficulties prevented him from filing his federal petition in a timely manner. *See Miller*, 141 F. 3d at 978 (refusing to apply equitable tolling where petitioner provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims).  Because Petitioner has failed to demonstrate that he diligently pursued his claims and that his failure to timely file was caused by extraordinary circumstances beyond his control, he has not met his burden of showing that equitable tolling should be applied.  Accordingly, federal review of the present petition is barred because it is untimely and Respondent's Motion to Dismiss should be granted.

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss (Doc. 15), filed February 18, 2003, be **GRANTED** and that the Petition be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and

4

recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

						_____
						**LESLIE C. SMITH**
						**UNITED STATES MAGISTRATE JUDGE**